BAKER, Chief Judge
(concurring):
The lead opinion concludes: “Although Appellant was a suspect and should have been advised of her rights, this failure did not result in a coercive effect.” United States v. Olson, 74 M.J. 132, 135 (C.A.A.F.2015). This is a fair conclusion drawn from the Wallace factors. United States v. Wallace, 66 M.J. 5, 9 (C.A.A.F.2008). There is no evidence the consent was coerced. However, the issue in *136 this case is whether Appellant’s consent to search was voluntary. To determine the consent was voluntary, the totality of the circumstances must be considered, which may include more than just the six Wallace factors. Schneckloth v. Bustamonte, 412 U.S. 218, 227, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). This case requires that we consider the additional fact that Appellant was not told she was a suspect when she gave her consent in order to determine whether her consent was voluntary.
Therefore, I would look in particular at factor six of the Wallace factors addressing the “coercive effects of any prior violations of the suspect’s rights” as well as beyond the Wallace factors to answer the question. Wallace, 66 M.J. at 9. Why, notwithstanding the fact that the military judge found Appellant should have been read her Article 31(b), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 831(b) (2012), rights, does the totality of the circumstances nonetheless favor a finding of voluntary consent? See Schneckloth, 412 U.S. at 227, 93 S.Ct. 2041. Knowledge that one is a suspect, for example, might well impact one’s decision to consult with counsel, factor five of the Wallace framework. Wallace, 66 M.J. at 9. Voluntary consent must also be willful and knowing. See Schneckloth, 412 U.S. at 225-26, 93 S.Ct. 2041. What is voluntary in the context of a continuum of ordinary law enforcement tactics will vary and thus is measured by the totality of the circumstances. Wallace, 66 M.J. at 9 (citing Schneckloth, 412 U.S. at 226-27, 93 S.Ct. 2041). In this case, those circumstances include the obfuscation by law enforcement officers as to whether Appellant was a suspect at the time she was asked for consent while in the Air Force Office of Special Investigations (AFOSI) control.
However, the totality of the circumstances includes four other facts as well. Appellant knew, or should have known, she was a potential suspect. Special Agent Burch testified that Appellant told him during the cigarette break that she was “well aware of the things we [law enforcement] say and how we word things to get people to do what we want.” She signed a form indicating she did not have to consent. The military judge observed and found Appellant to be a person of sufficient age, experience, and intelligence to understand and adapt to the circumstances with which she was confronted. Finally, while Appellant may have felt some pressure to consent while under AFOSI control, in contrast to many such scenarios, Appellant was then given the opportunity to drive alone in her car for forty minutes while guiding AFOSI to her residence, and did so without wavering in her decision to consent. In my view, Appellant’s consent not only was not coerced, it was voluntary. Therefore I concur.